O’SCANNLAIN, Circuit Judge,
with whom KLEINFELD, TALLMAN, BYBEE, and BEA, Circuit Judges,
join, dissenting from denial of rehearing en banc:
Judge Kozinski’s powerful dissent explains why the court errs in permitting school administrators to engage in viewpoint discrimination on the basis of a student’s newly promulgated right to be free from certain offensive speech. I write only to emphasize why it was a mistake to fail to rehear this case en banc.
I
The Supreme Court has clearly stated that
[i]n order for the State in the person of school officials to justify prohibition of a particular expression of opinion, it must be able to show that its action was caused by something more than a mere desire to avoid the discomfort and unpleasantness that always accompany an unpopular viewpoint.
Tinker v. Des Moines Indep. Cmty. Sch. Dist., 393 U.S. 503, 509, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). Tyler Harper wore a T-shirt to his high school with the words “Be Ashamed, Our School Embraced What God Has Condemned” on the front and “Homosexuality Is Shameful ‘Romans 1:27’” on the back. Harper v. Poway Unified Sch. Dist., 445 F.3d 1166, 1171 (9th Cir.2006). Harper’s shirt was undoubtedly unpleasant and offensive to some students, but Tinker does not permit school administrators to ban speech on the basis of “a mere desire to avoid the discomfort and unpleasantness that always accompany an unpopular viewpoint.” 393 U.S. at 509, 89 S.Ct. 733.
Nevertheless, the panel majority stretches mightily to characterize Harper’s message as a psychological attack that might “cause young people to question their self-worth and their rightful place in society.” Harper, 445 F.3d at 1178.
According to the panel majority, a student’s “right to be let alone” now includes a right to be free from “verbal assaults on the basis of a core identifying characteristic such as race, religion, or sexual orientation.” Id. But if displaying a distasteful opinion on a T-shirt qualifies as a psychological or verbal assault, school administrators have virtually unfettered discretion to ban any student speech they deem offensive or intolerant.
In my view, this unprecedented — and unsupportable — expansion of the right to be let alone as including a right not to be offended has no basis in Tinker or its progeny, and we neglect our duty by failing to reexamine the majority’s decision.
II
In reality, the panel majority’s decision amounts to approval of blatant viewpoint discrimination. Harper wore his T-shirt after students involved in the Gay-Straight Alliance organized a “Day of Silence” in support of those of a different sexual orientation. School administrators permitted the “Day of Silence” but prohibited Harper from offering a different view — a decision now upheld by this court.
Such action is directly contrary to the “prohibition on viewpoint discrimination [that] serves ... to bar the government from skewing public debate.” Rosenberger v. Rector & Visitors of Univ. of Va., 515 U.S. 819, 894, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995). We normally subject this type of viewpoint discrimination “to *1055 the most exacting First Amendment scrutiny,” Saxe v. State Coll. Area Sch. Dist., 240 F.3d 200, 207 (3d Cir.2001), because it “suggests an attempt to give one side of a debatable public question an advantage in expressing its views,” First Nat. Bank of Boston v. Bellotti, 435 U.S. 765, 785, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978). The panel majority failed to do so in this case.
Instead, under the panel majority’s decision, school administrators are now free to give one side of debatable public questions a free pass while muzzling voices raised in opposition. A respected First Amendment scholar notes that the panel majority’s decision constitutes
a dangerous retreat from our tradition that the First Amendment is viewpoint-neutral. It’s an opening to a First Amendment limited by rights to be free from offensive viewpoints. It’s a tool for suppression of one side of public debates (about same-sex marriage, about Islam, quite likely about illegal immigration, and more) while the other side remains constitutionally protected and even encouraged by the government.
Eugene Volokh, Sorry, Your Viewpoint Is Excluded from First Amendment Protection, April 20, 2006, http://volokh.com/ posts/1145577196.shtml. No Supreme Court decision empowers our public schools to engage in such censorship nor has gone so far in favoring one viewpoint over another.
Ill
I regret that we have failed to avail ourselves of the opportunity to reconsider a decision that departs so sharply from long-accepted First Amendment principles. I therefore respectfully dissent from our order denying rehearing en banc.